UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

- against -

JUSTIN SMITH AND EVELYN PERSON,

                Defendant.
------------------------------------------------------x

MEMORANDUM AND ORDER
15 CR 466 (ILG)

GLASSER, United States Senior District Judge:

        The United States Attorney, by letter dated May 13, 2016 (see Docket 59), called the Court's attention to the fact that motions to suppress and sever were heard on April 15, 2016, that disposition of them was taken under advisement and not yet decided. Obedient to the suggestion—if not the direction—of the Court of Appeals in United States v. Bert, 814 F.3d 70, 83–84 (2d Cir. 2016), the government also called the Court's attention to 18 U.S.C. § 3161(h)(1)(H), excluding from Speedy Trial Act calculation a period of delay "not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." The letter concludes, "[a]ccordingly, because the thirty days from the date of the hearing will elapse on May 15, 2016, the government respectfully requests that the Court enter an order excluding the time in the interests of justice to June 14, 2016, in light of the additional time needed for the Court to rule on the motions." (Docket 59 at 2.)

        The letter alludes to § 3161(h)(7) "or some other automatic exclusion under the statute" in which this Court may find some basis for excludable delay. (Id.) Perhaps the most frequently invoked subsection of § 3161 is (h)(7)(A), which provides for a period of excludable delay on the judge's own motion or the motion of the government on a finding that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial, provided the court

1

sets forth, on the record, the reason for that finding, which is not always readily apparent. Perhaps § 3161(h)(7)(B)(i) would be applicable if the failure to exclude the delay would result in a "miscarriage of justice." Not to be overlooked in this regard is § 3161(h)(7)(C), which precludes excludable delay "because of general congestion of the court's calendar."

The interplay of those subsections; of the meaning and reach of "miscarriage of justice;" of "general congestion of the court's calendar," and the tension between the societal interests in a speedy trial, and a comprehensive, studied consideration of the issue which the ticking of the speedy trial clock may discourage, would be rendered unnecessary by the accepted application of § 3161(h)(7)(A).

An examination of the docket sheet reveals that the suppression hearing concluded on April 15 (see Docket 57), but the official transcript of that proceeding was not made available until May 2, 2016. (See Docket 58.) The precise Speedy Trial concern of the government's letter was before the Court in United States v. Polan, 970 F.2d 1280, 1285 (3d Cir. 1992), in which, for a unanimous court, Judge Alito, as he then was, wrote:

> "[W]e hold that 18 U.S.C. § 3161(h)(1)(F) [now H] excludes a post-hearing period during which the district court is awaiting preparation of a transcript of the hearing. District courts often find it necessary to review the transcript of a hearing on a pretrial motion in order to rule on the motion. Indeed, we suspect that such transcripts are often more important than the posthearing submissions by counsel that were discussed in Henderson. Therefore, we believe that 18 U.S.C. § 3161(h)(1)(F) must be interpreted to require the exclusion of a period after a pretrial motion during which the court is awaiting the preparation of a transcript needed to rule on the motion."

See also Henderson v. United States, 476 U.S. 321 (1986); United States v. Dirden, 38 F.3d 1131, 1136, n. 6 (10th Cir. 1994).

The time between April 15 and May 2, 2016 is, accordingly, excluded from the application of the Speedy Trial Act.

**SO ORDERED.**

2

Dated:     Brooklyn, New York
           May 16, 2016

_____
I. Leo Glasser
United States Senior District Judge